```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D,N.Y

★  FEB 24 2011  ★

LONG ISLAND OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

Debra Triolo

                                      **Plaintiff**

-against-

Capital Management Services, LP

                                  **Defendant**
_____X

Docket No. (S1)

**CV 11 0902**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

SEYBERT, J.
LINDSAY, M.

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

### I. INTRODUCTION

1. Plaintiff is suing the Defendant because the Defendant debt collector telephoned Plaintiff and left deceptive and harassing telephone answering machine messages for the Plaintiff; and the Defendant left prerecorded messages on the Plaintiff's cellular telephone without the Plaintiff's authorization.

2. This is an action for damages brought by two individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq.

### II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d); 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for state

law claims and the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA. Venue in this District is proper in that the Defendant transacts business here; the Defendant is located here; and the conduct that is the subject of this complaint occurred here.

### III. PARTIES

4. Plaintiff, DEBRA TRIOLO, is a natural person residing in the State of New York. Plaintiff is a consumer as defined by the FDCPA.

5. Defendant CAPITAL MANAGEMENT SERVICES, L.P. is a foreign limited Partnership authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. The alleged debt of Plaintiff was incurred for personal, family, or household services. The alleged debt was a consumer credit card with Citibank, and was used by the Plaintiff for personal purposes.

9. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

10. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. Section 153(14) that originated, routed, and/or terminated telecommunications.

11. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. Section 153(43).

12. The Defendant at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. Section 153(22).

13. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. Section 153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

15. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff repeats paragraphs "1" through "15 as if fully restated herein.

17. The Defendants allege that the Plaintiff owes a consumer debt ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for a Citibank credit card that was used by the Plaintiff for her personal needs.

18. Within one year immediately preceding the filing of this lawsuit, the Defendant left several telephone voice mail messages for the Plaintiff seeking to collect the alleged debt.

19. Defendant left voice messages for the Plaintiff that did not give the notices required by 15 USC 1692e(11). The messages did not disclose that the Defendant was a debt collector. The messages were deceptive in that they secreted the Defendant's identity and secreted that the defendant was a debt collector attempting to collect a debt. The defendant's actions are a per se violation of 15 USC 1692e.

20. Defendant left voice messages for the Plaintiff that did not meaningfully disclose to the Plaintiff the identity of the Defendant debt collector in violation of 15 USC 1692d(6). The messages did not identify the defendant in any manner. The Defendant's actions are per se harassment pursuant to 15 USC 1692d.

21. Within one year immediately preceding the filing of this action, the Defendant used an automatic telephone dialing system to initiate numerous telephone calls to the Plaintiff's cellular telephone without the consent of the Plaintiff.

22. Within one year immediately preceding the filing of this action, Defendant left pre-recorded messages on the Plaintiff's cellular telephone voice mail without the consent of the Plaintiff.

23. On information and belief, the actions engaged in by the Defendants as alleged herein are part of the normal business practices of the Defendants.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

25. Defendants' actions as described herein violated the following provisions of the FDCPA:

   a. 15 U.S.C Section 1692e;

   b. 15 U.S.C Section 1692e(10)

   c. b. 15 U.S.C Section 1692e(11)

   d. 15 U.S.C Section 1692d;

   e. 15 U.S.C. Section 1692d(6);

## VI. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. Within the one year period immediately preceding this action, without the consent of the Plaintiff, the Defendant made numerous calls to the Plaintiffs' cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

28. Within the one year period immediately preceding this action, the Defendant made numerous calls to the Plaintiffs' cellular telephone and delivered an

artificial/prerecorded voice to the Plaintiff in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

29. The Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

30. The Defendant did not have the prior express consent of Plaintiff to use an artificial or pre-recorded voice to deliver a message to the Plaintiff's cellular telephone.

31. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

32. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. Injunctive relief prohibiting the Defendant from contacting the Plaintiff on her cellular phone using a prerecorded or artificial message;

B. Statutory damages;

C. Nominal damages;

D. Treble damages;

E. Costs and reasonable attorney's fees.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

SS//JOSEPH MAURO
Joseph Mauro